# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Keith D. Barmore (R-00683), ) | |
| ) | |
| Petitioner, ) | Case No: 15 C 50108 |
| ) | |
| v. ) | |
| ) | Judge Philip G. Reinhard |
| Thomas Spiller, Warden of Pinckneyville ) | |
| Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## ORDER

For the following reasons, the court denies petitioner's 28 U.S.C. § 2254 petition [1]. The court declines to issue a certificate of appealability. This matter is terminated.

## STATEMENT - OPINION

On January 10, 2000, petitioner Keith D. Barmore was convicted of Illinois first degree murder for the murder of his three-year-old stepson. [18-8] at 164. On October 25, 2000, petitioner was sentenced to 60 years imprisonment. *See* [18-12] at 75. On May 11, 2015, petitioner filed a 28 U.S.C. § 2254 petition in this court, challenging his Illinois sentence on eleven grounds. Respondent has filed a response [17] and petitioner has filed a reply [21], as well as additional affidavits and supplements to his reply and the record. *See* [22]; [23]; [33]; [35]. The court accepts all of petitioner's filings, including his supplemental responses and additions to the record. This matter is now ripe for the court's review.

As noted, petitioner has raised eleven grounds challenging his conviction with regard to all stages of his prosecution, ranging from claims of false testimony before the Grand Jury to ineffective assistance of post-trial counsel. Plaintiff presented these claims before state courts both on direct appeal and in a state postconviction petition. Both of these avenues resulted in Illinois Appellate Court decisions denying petitioner relief; the Illinois Supreme Court denied all relevant petitions for leave to appeal. As such, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the decisions under review are "the last state court that substantively adjudicated [petitioner's] claim[s]," namely the Illinois Appellate Court's rulings in petitioner's direct appeal [18-13] and his postconviction petition appeal [18-27]. *See Alston v. Smith*, 840 F.3d 363, 367 (7th Cir. 2016).

Under AEDPA, to merit habeas relief, the petitioner:

> must demonstrate that the state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

1

presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Under § 2254(d)(1), a state-court decision is contrary to Supreme Court precedent if it is inconsistent with the Supreme Court's treatment of a materially identical set of facts, or if the state court applied a legal standard that is inconsistent with the rule set forth in the relevant Supreme Court precedent. And a state-court decision constitutes an unreasonable application of Supreme Court precedent within the meaning of section 2254(d)(1) when, although it identifies the correct legal rule, it applies that rule to the facts in a way that is objectively unreasonable. Under § 2254(d)(2), a state court's decision involves an unreasonable determination of the facts if it "rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Corcoran v. Neal*, 783 F.3d 676, 683 (7th Cir. 2015), cert. denied, 136 S. Ct. 1493 (2016); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (a federal court can, guided by AEDPA, conclude that a state court's decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence).

*Dassey v. Dittmann*, 2017— F.3d ----2017 WL 2683893, at *10 (7th Cir. June 22, 2017) (internal citations omitted).

Due to the large number of grounds petitioner has raised to challenge his sentence, the court will analyze each in turn and discuss the relevant factual and procedural history in the respective sections.[1] The parties are assumed to be familiar with the general facts of petitioner's prosecution, trial, and post-trial procedural history. For the following reasons, each of petitioner's grounds for relief are without merit and the court must deny his § 2254 petition.

A. Batson Claim.

Petitioner claims that prosecutors violated *Batson* by striking two prospective African-American jurors, Margie Rogers and Sheila Council, based on their race. The Illinois Appellate Court rejected this argument on direct appeal, finding that petitioner had not rebutted the prosecutors' race-neutral justification for striking the two prospective jurors by clear and convincing evidence. *See* [18-13] at 15-18.

The United States Supreme Court has recently reiterated the proper standard for courts in evaluating *Batson* claims:

> First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

*Foster v. Chatman*, 136 S.Ct. 1737, 1747 (2016) (internal quotations omitted). The Seventh Circuit has held that "[i]n the third step of the *Batson* analysis, the critical question is the persuasiveness of the race-neutral justification for the peremptory strike, which comes down to credibility." *Morgan v. City of Chicago*, 822 F.3d 317, 327 (7th Cir. 2016).

---

[1] The court notes that the arguments in petitioner's 40-page § 2254 petition are often difficult to discern. To the best of the court's ability, it has fairly presented petitioner's arguments and claims, which encompass virtually all of the claims made to the Illinois Court of Appeals in petitioner's direct appeal and state habeas appeal. To the extent that the court has failed to discern additional claims in the present § 2254 petition that were not presented to and addressed by the Illinois Court of Appeals, those claims must be dismissed for failure to exhaust.

Here, with regard to the Margie Rogers, the Illinois Appellate Court noted that the prosecution had argued to the trial court that Ms. Rogers had been the only prospective juror that had been a counselor for criminal offenders. Moreover, she had observed two murder trials out of personal interest where fathers had been accused of murdering their young children, and in one of those trials the defendant had been acquitted. As such, the prosecution argued that it believed she may have been biased in favor of criminal defendants and unduly inclined to acquit. The court found that the underlying facts were credible and the prosecution's race-neutral basis for striking Ms. Rogers was sufficiently persuasive to overcome petitioner's accusation of purposeful discrimination. *See id.*

With regard to Sheila Council, the Illinois Appellate Court noted that the prosecution had argued to the trial court that Ms. Council had been sleeping during voir dire, a factual finding that the trial court had credited due to the prosecution's credibility; the Illinois Appellate Court accepted the trial court's credibility finding. Moreover, the prosecution argued that questioning revealed that Ms. Council had shown a disregard for her son's ongoing legal issues, referring to him as a "bum." As such, the prosecution argued that it believed that this disregard, in combination with Ms. Council's failure to remain conscious during voir dire, suggested that she might not be committed to resolving the issues in the case. The Illinois Appellate Court credited the underlying facts and found that they adequately supported the prosecution's reasoning; as such, the prosecution's race-neutral basis for striking Ms. Council was sufficiently persuasive to overcome petitioner's accusation of purposeful discrimination. *See id.*

The court has reviewed the record and cannot find that the Illinois Appellate Court's findings were an unreasonable application of Federal law or based on an unreasonable determination of the facts. The court carefully reviewed the factual record and accorded the appropriate deference to the trial court's relevant factual and credibility findings. Moreover, with regard to Ms. Rogers, the Seventh Circuit has held that "[o]ur court has approved the exclusion of veniremen because of their professions." *See United States v. Griffin*, 194 F.3d 808, 826 (7th Cir. 1999) (collecting cases in which courts had found that striking social workers was a race-neutral justification). With regard to Ms. Council, the Seventh Circuit has found that "inattentiveness is a legitimate reason for striking a potential juror." *United States v. Jones*, 224 F.3d 621, 623-24 (7th Cir. 2000) (noting that the prosecution had accused one of the prospective jurors as sleeping and the trial court, while not observing the sleeping, "accepted the government's explanation regarding [the prospective juror] and we give that finding great deference"). As such, the court does not find that petitioner's *Batson* claim merits relief under 28 U.S.C. § 2254.

B. Sufficiency of the Evidence Claim.

Petitioner claims that the evidence at trial was insufficient to convict him of first degree murder. The Illinois Appellate Court rejected this argument on direct appeal, finding that the evidence was "sufficient to sustain the jury's verdict." *See* [18-13] at 19-21.

The United States Supreme Court has articulated the standard for evaluating a sufficiency of the evidence claim under § 2254:
> [E]vidence is sufficient to support a conviction so long as after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . [A] reviewing court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution . . . . [T]he

3

deference to state court decisions required by § 2254(d) is applied to the state court's already deferential review[.]

*Cavazos v. Smith*, 565 U.S. 1, 7 (2011).

Here, the Illinois Appellate Court expressly applied that standard. The court has reviewed the factual record and the Illinois Appellate Court's analysis of the facts in the case as they apply to the elements of Illinois first-degree murder. The court pointed out the evidence from a witness that petitioner took the victim into a bathroom after becoming angry when the victim had become ill. The witness heard a "bump," after which the victim was "out of it." *See* [18-13] at 20. Further, the court described expert testimony that the injuries that killed the victim were "caused by some combination of violent shaking and violent impact," and that the victim's injuries "had been so severe that they most likely had been 'deliberately inflicted.'" *See id.* at 20-21.

This court cannot find that the Illinois Appellate Court was unreasonable in determining that "any rational trial of fact could have found the essential elements of the crime beyond a reasonable doubt," and as such the court does not find that petitioner's sufficiency claim merits relief under 28 U.S.C. § 2254.

C. Improper Closing Arguments Claim.

Petitioner next raises a *Darden* claim, arguing that his trial was rendered unfair and he was deprived of due process because of certain comments made during the prosecutions' closing arguments. The Illinois Appellate Court rejected this argument on direct appeal, finding that the comments were not prejudicial due to the "overwhelming evidence" that petitioner was guilty of first-degree murder. *See* [18-13] at 22-24.

The Seventh Circuit has held that when a petitioner raises a *Darden* claim, "[i]n determining whether the prosecutors' remarks were prejudicial . . . 'it is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Ellison v. Acevedo*, 593 F.3d 625, (7th Cir. 2010) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

Here, petitioner requested that the jury consider an involuntary manslaughter verdict, which requires a mens rea of recklessness, rather than first-degree murder, which requires knowledge or intent. During closing argument, the prosecutor stated "what is even more despicable about this abuse [of the victim] is this abuser's attempt to play with the system here to go and get an involuntary manslaughter conviction, escape responsibility for delivering that abuse." See [18-8] at 141. It is clear from the context of the closing arguments that the prosecution was arguing that there was no evidence to find that, if petitioner had killed the victim, that he did it recklessly rather than knowingly or intentionally.

The Illinois Appellate Court correctly noted that the prosecution's comments would not deprive petitioner of due process if they were "harmless," and the court concluded after a review of the evidence that the comments were harmless because the evidence of first-degree murder was "overwhelming." *See* [18-13] at 22. This court agrees after a review of the relevant materials that if the jury were to find that petitioner had killed the victim, there was little basis to find that it was without knowledge or intent as specified by the Illinois first degree murder statute. As such, the court cannot find that the Illinois Appellate Court's findings were an unreasonable application of Federal law or based on an unreasonable determination of the facts. Thus, the court does not find that petitioner's *Darden* claim merits relief under 28 U.S.C. § 2254.

D. Ineffective Assistance - Failure to Call an Expert.

Next, petitioner claims that his trial counsel was ineffective for failing to call an expert to testify that the victim's death could have been caused by an earlier fall at a jungle gym two weeks prior to his death. The Illinois Appellate Court applied *Strickland v. Washington*, 466 U.S. 668 (1984), and affirmed the dismissal of petitioner's state habeas claim on this issue, finding that there was no prejudice because "there is no reasonable probability that testimony from [defendant's purported expert] or another medical expert would have affected the outcome of the case." *See* [18-27] at 9.

The standard for *Strickland* claims for ineffective assistance of trial counsel are well established in the Seventh Circuit:
> In *Strickland*, the Supreme Court established a two-part test for adjudicating ineffective assistance of counsel claims that requires a petitioner to show (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced his defense. To establish deficiency, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Rodriguez v. Gossett*, 842 F.3d 531, 537-38 (7th Cir. 2016) (internal quotations omitted). "Under AEDPA, the bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one. When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015) (internal quotations omitted).

The court has reviewed the factual record, including a post-trial hearing for a new trial at which petitioner contended that an expert should have been called. Counsel testified he had thoroughly investigated whether an independent expert could have been called to testify that the death could have been a result of the jungle gym fall, but concluded based on discussions with expert consultants that his retained expert "would, in fact, have to concur with many of the State's witnesses" on cross examination and would "end up testifying and bolstering the State's case and their experts rather than helping us." *See* [18-11] at 59. Moreover, his discussions confirmed that no credible expert would be able to bolster petitioner's theory. *See id.* at 59-62. Also at the post-trial hearing, a physician that initially supplied testimony supportive of petitioner's theory changed his mind after re-reading the coroner's report and gave testimony consistent with the prosecution's theory that the injury could not have been from a simple fall but "would require a tremendous amount of force, that would immediately render one to an unconscious state." *See id.* at 90-91. Further, the court has reviewed the Illinois Appellate Court's analysis of the prosecution's expert witness testimony, which bolsters the reliability of trial counsel's testimony that no expert would be likely to credibly counter the prosecution's theory as to the cause of death. *See* [18-27] at 9.

After review of the record, the court cannot find that the Illinois Appellate Court's conclusion that petitioner failed to show prejudice was an unreasonable application of Federal law or based on an unreasonable determination of the facts. Further, the court notes that the Seventh Circuit has held that "counsel's failure to even reach out to an expert" may be deficient in certain cases. *See Thomas v. Clements*, 789 F.3d 760, 771 (7th Cir 2015). Here, however, counsel decided after consultation with an expert that calling a rebuttal expert would be harmful to the defense; as such, the decision falls under the category of "strategic choices made after thorough investigation of law and facts relevant to plausible options [which] are virtually unchallengeable." *Vinyard v. United States*, 804 F.3d 1218, (7th Cir. 2015).

Thus, the court does not find that petitioner's first *Strickland* claim based on failure to call an expert merits relief under 28 U.S.C. § 2254.

E. The Right to Testify.

Next, petitioner raises two claims related to the fact that he did not testify at trial. First, he claims that his trial counsel was ineffective under *Strickland* because he "unduly pressured" petitioner not to testify. *See* [1] at 23. Petitioner also raises an independent claim that his constitutional right to testify was infringed by this "undue pressure." *See Barrow v. Uchtman*, 398 F.3d 597, 608 (7th Cir. 2005) (noting that "the right to testify in one's own defense is a fundamental procedural right" and that "a defendant must acquiesce fully and intelligently in counsel's attempts to waive that right-only the defendant himself, not his lawyer, can waive the right to testify"). The Illinois Appellate Court affirmed the dismissal of petitioner's state habeas claim on these grounds, finding that "[petitioner's] specific allegations suggest that counsel actively discouraged defendant from testifying, but do not reveal any 'undue' pressure." *See* [18-27] at 9. Because the two claims are inextricably intertwined, the court will analyze them together.

First, the court has reviewed the record to determine trial counsel's justification for persuading plaintiff not to testify, including trial counsel's testimony at the post-trial hearing related to petitioner's motion for a new trial. Trial counsel testified that petitioner's intention was to testify that he had never hurt the victim. If he had done so, the prosecution would be allowed to introduce otherwise inadmissible evidence that petitioner had previously abused the victim, including "one child that would testify that they would count how many times [the petitioner] hit [the victim] or hit some of the other children when he was disciplining them. Now that testimony would destroy our case." *See* [18-11] at 62-63. The Seventh Circuit has held that counsel's recommendation to a defendant not to testify is not ineffective when it is based on "a reasonable strategic decision . . . that he not testify because of the possible adverse consequences of his doing so." *See Lee v. Murphy*, 41 F.3d 311, 316 (7th Cir. 1994). Based on trial counsel's testimony and a review of the record that bolsters that testimony, this case does not support petitioner's contention that counsel's recommendation not to testify was ineffective.

Next, with regard to petitioner's right to testify, the Seventh Circuit has held that a defendant's right to testify may be infringed where "the totality of the circumstances evidences that [the defendant] didn't knowingly acquiesce in his counsel's decision." *Ward v. Sternes*, 334 F.3d 696, 707 (7th Cir. 2003). However, "a direct, unequivocal answer to a trial court's colloquy will suffice to find a knowing, intelligent waiver" of the right to testify sufficient to overcome such a claim. *See id.* Here, the record reveals that the trial court advised petitioner that "you alone posses the right to choose whether to testify in your own behalf. You should make that decision after consulting with counsel." *See* [18-8] at 60. When petitioner consulted with counsel and stated that he did not wish to testify, the trial court also advised that "the decision to testify or not testify is an intensely personal one" and that "the decision is yours, yours alone." *See id.* at 62. The trial court asked petitioner whether "you can assure me that [trial counsel] has not forced, coerced you , or put any undue pressure on you to make this decision?" and petitioner stated "Yes, Your Honor." *Id*. The trial court asked whether petitioner had decided not to testify "because that's what you wish to do, because you consider that it is in your best interest" and petitioner said "Yes, Your Honor" *Id.* Based on this unequivocal waiver, it is clear that petitioner's right to testify was not infringed.

Based on the foregoing, the court finds that petitioner's claim of ineffectiveness and his claim that his right to testify was infringed both do not merit relief under 28 U.S.C. § 2254.

F. Grand Jury False Evidence Claims.

Next, petitioner claims that the prosecution presented false evidence to the Grand Jury. His claim is based: (1) on the date that prosecutors stated the victim's injury occurred, which was the date petitioner allegedly struck the victim, rather than the date the victim had fallen from a jungle gym weeks prior; and (2) that an altered version of a written statement he had made was read to the jury rather than the original. The Illinois Appellate Court affirmed the dismissal of his state habeas claims on these grounds, finding that "there is no basis for defendant's assertion that [the prosecution's] grand jury testimony [regarding the date of injury] was false or misleading" and that the court's review of petitioner's "original" and "altered" statements "does not reveal any substantive discrepancies or support the implication that false evidence was submitted to the grand jury." *See* [18-27] at 5-7.

The court has reviewed the record and agrees with the Illinois Appellate Court. The prosecution's statement to the grand jury as to the date of the injury was based on the prosecution's theory of what had caused the victim's death, which was supported by ample evidence. As such, it was not misleading. Moreover, the "original" and "altered" statements by petitioner are functionally identical in content, and as such even presenting an "altered" statement would not have been misleading. As such, even assuming that misconduct before the grand jury would be the basis for section 2254 relief, in this case petitioner's "claim that alleged prosecutorial misconduct before the grand jury violated his due process rights is without merit." *See United States, ex rel. Brown v. Pierce*, 2012 WL 851519, at *4 (N.D. Ill. 2012) (noting that "[t]here is no clearly established Supreme Court precedent providing state prisoners a due process right to be indicted by a grand jury solely on truthful testimony").

G. Indictment Notice Claim.

Next, petitioner claims that his indictment was deficient and failed to give him sufficient notice because it did not precisely mirror the Illinois murder statute and the jury instructions at trial. Specifically, petitioner contends that his indictment did not provide him with sufficient constitutional notice because it stated that his actions against the victim were made with knowledge of the strong probability of "great bodily injury" rather than "death or great bodily injury." The Illinois Appellate Court affirmed the dismissal of petitioner's state habeas claim on this ground, finding that "the argument is refuted by the record, which shows that the jury was properly instructed on the offense charged in the indictment." *See* [18-27] at 10.

The Seventh Circuit has held that

> [T]he United States Constitution does not require States to charge a defendant by indictment. Accordingly, in considering the validity of an indictment, general due process standards govern.
>
> The question thus is whether [the defendant] had sufficient notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge. So long as the defendant has received adequate notice of the charges against him so that he has a fair opportunity to defend himself, the constitutional requirement is met.

*Ashburn v. Korte*, 761 F.3d 741, 758 (7th Cir. 2014) (internal quotations and citations omitted) (finding that the defendant "had more than adequate notice of the charges against him" when the indictment set forth the facts that supported the substantive offense, despite the fact that the indictment and jury instructions set forth "alternative manners" of proving the substantive offense of murder). Here, whether

the language of the indictment precisely tracked the Illinois murder statute, it provided petitioner with a fair opportunity to defend himself. As such, his claim of inadequate notice does not merit relief under 28 U.S.C. § 2254.

H. False Testimony at Trial Claims.

Next, petitioner claims that the prosecution presented false evidence at trial by (1) allegedly coaching the victim's brother to testify falsely; and (2) presenting allegedly perjured evidence from an expert physician witness that he had reviewed a medical report regarding the victim's fall from a jungle gym, when email correspondence suggested that the physician had not read the report as of September 1998. The Illinois Appellate Court affirmed the dismissal of his state habeas claim on these grounds, finding that, with regard to the brother's alleged perjury, petitioner's proffered evidence "suggests that [the brother's] testimony was coached [but does not indicate in what respect, if any, the testimony was actually false" and, with regard to the expert's alleged perjury, the "witness had an ample opportunity to review the report" because "[t]he case did not proceed to trial until 2000." *See* [18-27] at 7-8.

This case is functionally similar to *Wilson v. Bryant*, F. App'x. 782 (7th Cir. 2003), in which the Seventh Circuit noted that "[t]he Supreme Court has made clear that a due process violation may occur if a prosecutor knowingly introduces false testimony[,]" but found that "[t]he problem, however, is that [the petitioner] has not shown that [witness] testimony-or any other evidence presented by the prosecution-was false, much less that the prosecutor knew of its falsity." *Id.* at 784. Here, the court has reviewed the record and petitioner's arguments to this court, which does not deviate in any material respect from the arguments and evidence considered by the Illinois Appellate Court when affirming the dismissal of petitioner's state habeas claim. For substantially the same reasons as the Illinois Appellate Court, this court does not find that the petitioner has supplied any evidence that would tend to show even a reasonable likelihood that the prosecution was knowingly aware of false testimony from the victim's brother or its expert witness. As such, the court cannot find that the Illinois Appellate Court's findings were an unreasonable application of Federal law or based on an unreasonable determination of the facts.

Thus, the court does not find that petitioner's false evidence claim merits relief under 28 U.S.C. § 2254.

I. Jury Instructions Claims.

Next, petitioner claims that the trial court did not orally instruct the jury as required. While it does not appear that the Illinois Appellate Court ruled as to petitioner's claim that the trial court failed to orally instruct the jury, after review it is clear that petitioner raised the claim at every level of his state habeas proceedings, including during his appeal and PLA to the Illinois Supreme Court; as such, he has met his exhaustion "duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) ("Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings."). As such, the last state court to rule on the issue was the trial court that dismissed his habeas petition, which noted that "the Defendant's claim is contradicted by the record which indicates that the Judge read the instructions and verdict forms to the jury." *See* [18-23] at 2. The court notes that the record supports the trial court's determination that the jury was orally instructed and with proper instructions. *See* [18-8] at 148; [18-9]. Regardless, petitioner does not convince the court that the failure to orally instruct the jury, even if a violation of state law, would constitute a violation of his constitutional rights. *See U.S. ex rel. Searcy v. Greer*, 768 F.2d 906, 910 (7th Cir. 1985). As such, petitioner's claim on this ground does not merit relief under 28 U.S.C. § 2254.

J. Claims Regarding Post-Trial Motion to Reconsider.

Finally, petitioner raises two claims related to his sentence and appeal. Immediately following his sentencing hearing, post-trial counsel for petitioner informed the trial court that "Mr. Barmore has a Notice of Appeal I would like to file right now" and "Also, he prepared a motion for reconsideration of sentencing he would like to have filed today." [18-12] at 76. Immediately, while petitioner was still present, the prosecutor objected to the simultaneous filings and noted that "Just for the record, the Defendant has filed Notice of Appeal, and he has filed a motion to reconsider sentence, and filing of Notice of Appeal divests this Court of Jurisdiction." *Id.* at 78. However, at the time, it appears that at that time the trial court erroneously believed it could still hear the motion to reconsider, and a hearing on that motion was scheduled. *See id.*

On the date that the hearing was scheduled, at which petitioner was not present, the trial court appears to have reconsidered and correctly pointed out "I believe the motion, the Notice of Appeal, has to be filed after a disposition on the Motion to Reconsider." [18-12] at 88. The prosecutor agreed and stated "I think they have to withdraw their appeal at this time if they want the Court to rule on the Motion to Reconsider. I believe maybe [post-trial counsel] has to consult with his client on that." *Id.* Post-trial counsel responded "Yes, I would. He [petitioner] was insistent on filing it that day, so I think I will consult with him to see what, you know, what he wants to do." *Id.* at 89. The matter was again rescheduled.

At the date of the rescheduled hearing, at which petitioner was again not present, post-trial counsel informed the court "Judge, this was up today for status Mr. Barmore's Motion to Reconsider Sentence. I spoke to Mr. Barmore on Monday. He indicated to me he wanted to withdraw that motion. I explained to him the legal ramifications of that. He would not be able to appeal his sentence if that motion was not heard. He wants to just go ahead with the appeal. He wants to withdraw that motion." [18-12] at 96. The trial court responded "He wants to withdraw the Motion to Reconsider?" and also pointed out that the court had "brought up an issue regarding timing of the Notice of Appeal." *Id.* Post-trial counsel responded "What I was going to talk to him about, I thought what we would do is withdraw the Notice of Appeal and then proceed on the Motion to Reconsider, but he said he did not want to do that. He wanted to withdraw this one." *Id.* As such, the motion to reconsider was withdrawn and petitioner proceeded with his appeal, which challenged his sentence along with the other claims discussed above. The Illinois Appellate Court on direct appeal affirmed the sentence because petitioner had withdrawn the motion to reconsider with knowledge that he could not therefore challenge his sentence and thus had "acquiesced in any alleged error in sentencing[.]" *See* [18-13] at 24.

Here, petitioner claims that: (1) the trial court committed error at the sentencing hearing for not admonishing him that to challenge his sentence on appeal, he would need to first pursue the motion to reconsider; and (2) post-trial counsel was ineffective for filing a motion to reconsider sentence simultaneously with his notice of appeal. The Illinois Appellate Court affirmed the dismissal of petitioner's state habeas claim as to the failure to admonish, finding that the state law requiring admonishment "was not in effect when defendant was sentenced." *See* [18-27] at 10.

On both issues that petitioner has raised, the court notes that to succeed in a § 2254 petition, petitioner must show prejudice for the trial court's failure to admonish at sentencing or his post-trial counsel's ineffectiveness in filing both the notice of appeal and motion to reconsider simultaneously. *See Thompkins v. Pfister*, 698 F.3d 976, 986 (7th Cir. 2012). The fact remains that regardless of any error by the trial court or deficient performance by counsel, the issue was immediately pointed out by the prosecutor while petitioner was present. Later, post-trial counsel explained the legal ramifications of the

9

issue and its solution to petitioner, namely that he temporarily withdraw the notice of appeal until the motion to reconsider had been resolved.  Post-trial counsel's solution was presented to petitioner at a time when the issue could have easily been rectified with no prejudice to petitioner's appeal.  Petitioner nevertheless knowingly chose to withdraw his motion to reconsider rather than follow post-trial counsel's proposed solution.  Petitioner has not proposed and the court has found no evidence to support a finding that post-trial counsel was being disingenuous when explaining his conversations with petitioner on this point.  As such, the court cannot find that petitioner was prejudiced by any error of the trial court at sentencing or post-trial counsel's initial error in filing the motion to reconsider and notice of appeal simultaneously.  Thus, petitioner's claims on these grounds do not merit relief under 28 U.S.C. § 2254.

While petitioner attempted to raise various claims for relief in his § 2254 petition, the court finds his collateral claims are without merit and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter[.]"  *Id.*  Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability.  The matter is terminated.

Date: 7/12/2017                                            ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)